IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02259-BNB
(**The above civil action number must appear on all future papers
sent to the court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.**)

DONNELL BARROW,

    Applicant,

v.

J. OLIVER, FBOP,

    Respondent.

---

### ORDER DIRECTING APPLICANT TO CURE DEFICIENCIES

---

Applicant, Donnell Barrow, is a prisoner in the custody of the Federal Bureau of Prisons at the United States Penitentiary, High Security, in Florence, Colorado.  He initiated this action by submitting *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) seeking injunctive relief.

After review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that the submitted document is deficient as described in this order.

Mr. Barrow complains that he suffers from a skin disease, has been prevented from an examination by a dermatologist because of the medical expense involved, and was transferred to his current prison facility in retaliation for complaining about the disease at his prior prison facility.  He also alleges that he has been prevented from exhausting administrative remedies.

The Court finds that Mr. Barrow is asserting civil rights claims rather than habeas

corpus claims. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (discussing distinction between habeas corpus claims pursuant to § 2241 and conditions of confinement claims raised in civil rights actions). "It is well-settled that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 . . . (1971), – not through federal habeas proceedings." *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011). Mr. Barrow is challenging the conditions of his confinement, not the basis for his conviction and sentence on criminal charges.

Mr. Barrow may pursue habeas corpus claims challenging the execution of his sentence in the instant § 2241 action. If he intends to assert civil rights claims challenging the conditions of his confinement, however, he must file a separate civil rights action pursuant to *Bivens* and 28 U.S.C. § 1331.

Mr. Barrow will be directed to cure the following if he wishes to pursue habeas corpus claims in the instant action. Any papers that Mr. Barrow files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)   X     is not submitted
(2)   __    is missing affidavit
(3)   __    is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)   X     is missing certified statement showing current balance in prison account
(5)   __    is missing required financial information

(6)   __   is missing an original signature by the prisoner
(7)   __   is not on proper form
(8)   __   names in caption do not match names in caption of complaint, petition or habeas application
(9)   __   An original and a copy have not been received by the court. Only an original has been received.
(10)  __   other:  <u>The § 1915 motion and affidavit and certificate showing prison account balance are necessary only if the $5.00 filing fee is not paid in full in advance.</u>

**Complaint, Petition or Application**:
(11)  __   is not submitted
(12)  __   is not on proper form
(13)  __   is missing an original signature by the prisoner
(14)  __   is missing page nos. __
(15)  __   uses et al. instead of listing all parties in caption
(16)  __   An original and a copy have not been received by the court. Only an original has been received.
(17)  __   Sufficient copies to serve each defendant/respondent have not been received by the court.
(18)  __   names in caption do not match names in text
(19)  _X_  other:  <u>asserts civil rights claims, not habeas corpus claims.</u>

Accordingly, it is

ORDERED that Applicant, Donnell Barrow, cure the deficiencies designated above **within thirty days from the date of this order**. Any papers that Mr. Holz files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that Mr. Barrow shall obtain the court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use those forms in curing the designated deficiencies and filing an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that only asserts habeas corpus

claims.  It is

FURTHER ORDERED that, if Mr. Barrow fails to cure the designated deficiencies and file an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that only asserts habeas corpus claims **within thirty days from the date of this order**, the action will be dismissed without further notice.

DATED August 25, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge