IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02259-BNB

DONNELL BARROW,

     Applicant,

v.

J. OLIVER, FBOP,

     Respondent.

---

## ORDER OVERRULING OBJECTION

---

Applicant, Donnell Barrow, is a prisoner in the custody of the Federal Bureau of Prisons at the United States Penitentiary, High Security, in Florence, Colorado.  He submitted *pro se* on September 4, 2014, an objection titled "Appeal of Magistrate Judge's Decision/Order to the US District Court" (ECF No. 4).  He objects to the order of August 25, 2014 (ECF No. 3), directing him to cure certain designated deficiencies and file an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that only asserts habeas corpus claims.  The August 25 order also informed Mr. Barrow that if he intended to assert civil rights claims challenging the conditions of his confinement, he must file a separate civil rights action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

Instead of curing the designated deficiencies and filing an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, Mr. Barrow filed an objection to the August 25 order seeking a medical transfer to the Federal Medical Center where,

he contends, he can receive "proper medical treatment . . . for his painful chronic skin disease." ECF No. 4 at 2.

The Court must construe the objection liberally because Mr. Barrow is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the objection will be overruled.

As Magistrate Judge Boland informed Mr. Barrow in the order to cure, Mr. Barrow is asserting civil rights claims rather than habeas corpus claims. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (discussing distinction between habeas corpus claims pursuant to § 2241 and conditions of confinement claims raised in civil rights actions). "It is well-settled that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 . . . (1971), – not through federal habeas proceedings." *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011). Mr. Barrow is challenging the conditions of his confinement, not the basis for his conviction and sentence on criminal charges. If he wishes to proceed in this habeas corpus action, he must comply with the August 25 order to cure.

Pursuant to 28 U.S.C. § 636(b)(1)(A) a judge may reconsider any pretrial matter

2

designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.  The Court has reviewed the file and finds that the August 25 order entered by Magistrate Judge Boland is not clearly erroneous or contrary to law.  Therefore, the objection will be overruled.

Accordingly, it is

ORDERED that the objection titled "Appeal of Magistrate Judge's Decision/Order to the US District Court" (ECF No. 4) that Applicant, Donnell Barrow, filed on August 25, 2014, and which the Court has construed liberally as an objection pursuant to 28 U.S.C. § 636(b)(1)(A), is overruled.  It is

FURTHER ORDERED that Mr. Barrow continues to have **thirty (30) days from the date of the order of August 25, 2014**, in which to cure the designated deficiencies and file an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that only asserts habeas corpus claims.  It is

FURTHER ORDERED that failure to comply with the directives in the August 25 order within the time allowed will result in the dismissal of the instant action.

DATED at Denver, Colorado, this _11th_ day of __September__, 2014.

BY THE COURT:


 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

3