IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02259-BNB

DONNELL BARROW,

    Applicant,

v.

J. OLIVER, FBOP,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Donnell Barrow, is a prisoner in the custody of the Federal Bureau of Prisons at the United States Penitentiary, High Security, in Florence, Colorado. Mr. Barrow initiated the instant action by filing *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) seeking injunctive relief.

Mr. Barrow complained that he suffers from a skin disease, has been prevented from an examination by a dermatologist because of the medical expense involved, and was transferred to his current prison facility in retaliation for complaining about the disease at his prior prison facility. He also alleged that he has been prevented from exhausting administrative remedies.

After reviewing the application, Magistrate Judge Boyd N. Boland on August 25, 2014, entered an order directing Mr. Barrow to cure certain deficiencies in the instant action. Magistrate Judge Boland found that Mr. Barrow was asserting civil rights claims rather than habeas corpus claims. He informed Mr. Barrow that "[t]he essence of

habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." See *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); see also *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (discussing distinction between habeas corpus claims pursuant to § 2241 and conditions of confinement claims raised in civil rights actions). "It is well-settled that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 . . . (1971), – not through federal habeas proceedings." *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011). Magistrate Judge Boland also informed Mr. Barrow he was challenging the conditions of his confinement, not the basis for his conviction and sentence on criminal charges.

      Magistrate Judge Boland explained that Mr. Barrow may pursue habeas corpus claims challenging the execution of his sentence in the instant § 2241 action. If he intended to assert civil rights claims challenging the conditions of his confinement, however, Magistrate Judge Boland told Mr. Barrow he must file a separate civil rights action pursuant to *Bivens* and 28 U.S.C. § 1331. The August 25 order directed him to submit either the $5.00 filing fee or a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action together with a certified statement showing the current balance in his prison account. The order noted that the § 1915 motion and affidavit and certificate showing his inmate account balance only were necessary if the $5.00 filing fee was not paid in full in advance.

      Magistrate Judge Boland directed Mr. Barrow to obtain the Court-approved forms

for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, as www.cod.uscourts.gov, and use those forms in curing the designated deficiencies and filing an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that only asserted habeas corpus claims.  The August 25 order warned Mr. Barrow that if he failed to cure the designated deficiencies and file an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 within thirty days as directed, the action would be dismissed without further notice.

On September 4, 2014, Mr. Barrow filed an objection (ECF No. 4) to the August 25 order, seeking a medical transfer to the Federal Medical Center where, he contended, he could receive "proper medical treatment . . . for his painful chronic skin disease." ECF No. 4 at 2.  On September 9, 2014, he paid the $5.00 filing fee.  On September 11, 2014, the Court overruled the objection, finding that the August 25 order was not clearly erroneous or contrary to law.  On September 24, 2014, two documents from a Robert E. Green, who is not a party to this lawsuit, were submitted to the Court. *See* ECF Nos. 10 and 11.  On September 24, 2014, Mr. Barrow filed an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 12).

The Court must construe Ms. Barrow's amended application liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, the amended application will be denied and this action dismissed.

The amended application is not on the Court-approved form for filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that Mr. Barrow was directed to use in the August 25 order.  Local Rules 1.2 and 5.1(c) of the Local Rules of Practice - Civil for this Court require litigants to use the Court-approved forms found on the Court's website.  Rule 83(a)(2) of the Federal Rules of Civil Procedure allows a district court to enforce a local rule imposing a form requirement unless it "causes a party to lose any right because of a nonwillful failure to comply."  Fed. R. Civ. P. 83(a)(2).  Mr. Barrow makes no mention of being denied access to the Court-approved habeas corpus form, nor did he ask the Court to mail him the form because he was unable to obtain it.  Generally, "dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005).

In addition, the United States Court of Appeals for the Tenth Circuit repeatedly has upheld the requirement that *pro se* litigants comply with local court rules requiring use of proper Court-approved forms, and rejected constitutional challenges to such rules.  *See Georgacarakos v. Watts*, 368 F. App'x 917, 918-19 (10th Cir. 2010) (district court did not abuse its discretion in dismissing civil rights action without prejudice for federal prisoner's noncompliance with local rules requiring use of proper court-approved form to file complaint and district court's order to comply), *Durham v. Lappin*, 346 F. App'x 330, 332-33 (10th Cir. 2009) (it was within district court's discretion to dismiss prisoner's complaint for failure to comply with local rules requiring *pro se* litigants to use court-approved forms, and local rule did not violate prisoner's equal protection rights);

*Kosterow v. United States Marshal's Serv.*, 345 F. App'x 321, 322-33 (10th Cir. 2009) (it was within district court's discretion to dismiss complaint for failure to use proper court form); *Young v. United States*, 316 F. App'x 764, 769-71 (10th Cir. 2009) (district court order dismissing federal prisoner's *pro se* civil rights complaint without prejudice to his ability to refile, based on his repeated refusal to comply with district court order directing him to file amended complaint on court-approved prisoner complaint form as required by local district court rule, was not abuse of discretion or constitutional violation); *Maunz v. Denver Dist. Court*, 160 F. App'x 719, 720-21 (10th Cir. 2005) (district court did not abuse its discretion in dismissing inmate's federal action where inmate failed to file habeas corpus application on proper form designated by district court); *Daily v. Municipality of Adams County*, 117 F. App'x 669, 671-72 (10th Cir. 2004) (inmate's failure to comply with local rule requiring *pro se* prisoners to use court's forms to file action was not nonwillful, and inmate's failure to use required form supported dismissal of action).  Therefore, the amended application will be denied.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 12) is denied and the action dismissed without prejudice

pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Applicant, Donnell Barrow, to file within the time allowed an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on the Court-approved form as directed in the order of August 25, 2014.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED October 2, 2014, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court